**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **GEORGE KEETON,** ) | **CASE NO. 1:05CV0033** |
| ) | |
| **PETITIONER,** ) | |
| ) | |
| v.   ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **MARGARET BRADSHAW,** ) | |
| **Warden,** ) | |
| ) | |
| **RESPONDENT.** ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |

This matter is before the Court upon Petitioner, George Keeton's "Motion for a New Trial or to Alter and Amend Judgment." (Dkt. # 30).

## I.  FACTUAL BACKGROUND

The facts of this case, as set forth by the Court of Appeals of Ohio, Fifth Appellate District, Richland County, on direct appeal, are as follows:

> Appellant George Keeton appeals the decision of the Richland County Court of Common Pleas that found him guilty of one count of kidnaping; one count of aiding and abetting kidnaping; two counts of rape; two counts of aiding and abetting rape; one count of tampering with evidence; one count of bribery; one count of felonious assault; and one count of aiding and abetting felonious assault. The following facts give rise to this appeal.
>
> On August 19, 2002, the victims in this case, Ashley Gaines and Anna Adkins, met Richard Myers at a Speedway gas station. Myers asked the girls if they would like to go to a party with him. Gaines, Adkins and Myers went to appellant's home. Thereafter, the entire group went to Bell Street. Gaines and Adkins drove their vehicle to the Bell Street address. After leaving the Bell Street address, Gaines, Adkins, Myers and appellant made several other stops and eventually went to Fantasyland.

>     At Fantasyland, appellant paid for everyone's admission.  After spending some time at Fantasyland, the group left and returned to the Speedway gas station.  At that point, Gaines, Adkins, Myers, Jason Flannery and appellant exited the van they had been traveling in and entered Myers' vehicle.  While at the Speedway gas station, appellant accused Gaines and Adkins of stealing money from him.  Gaines and Adkins excited the vehicle for a short while and subsequently re-entered Myers' vehicle in order to go for a ride.
>
>     While driving around in Myers' vehicle, appellant again brought up the subject of stolen money.  Both Gaines and Adkins denied taking the money.  At some point, Gaines became sick and they had to stop the vehicle in order for her to vomit.  Upon re-entering the vehicle, appellant again mentioned the stolen money and ordered Gaines and Adkins to remove their clothing.  Gaines and Adkins were also ordered to have sexual contact with each other while in the vehicle.  At one point, appellant punched both girls in the face.  Gaines was also physically forced to perform oral sex on the appellant.
>
>     Thereafter, Adkins was ordered out of the vehicle.  A short time later, Gaines was also ordered out of the vehicle.  Both girls were naked.  Gaines and Adkins went to separate residences requesting assistance.  Subsequently, both girls were transported to Ashland Hospital where they were examined.
>
>     Appellant, Myers and Flannery were eventually arrested and incarcerated in the Richland County Jail.  On January 8, 2003, the Richland County Grand Jury indicted appellant.
>
>     This matter proceeded to trial on March 25, 2003.  Following deliberations, the jury found appellant guilty as charged in the indictment.  On April 2, 2003, the trial court sentenced appellant to a total term of forty years in prison.  Appellant timely filed an notice of appeal.
>
>     * * *

(Dkt. # 7; Respondent's Exh. 1, <u>State of Ohio v. Keeton</u>, 2004 Ohio 3676, 2004 Ohio App. LEXIS 3313).

On July 9, 2004, the Court of Appeals of Ohio, Fifth Appellate District, affirmed Keeton's conviction.  On July 19, 2004, Keeton filed an application for reconsideration of

the appellate court's order, which the appellate court denied on August 16, 2004. Keeton then filed a timely notice of appeal and jurisdictional memorandum in the Ohio Supreme Court. The Ohio Supreme Court denied leave to appeal and dismissed Keeton's appeal as not involving any substantial constitutional question on November 10, 2004. (Dkt. # 7, Exh. 16).

On January 7, 2005, Keeton filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his criminal conviction. This case was referred to Magistrate Judge Nancy A. Vecchiarelli for the preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and LR 72.1 (Dkt. # 4). On July 20, 2006, Magistrate Judge Vecchiarelli filed a report recommending that Keeton's application for habeas corpus be granted in part, with respect to Ground Two, and denied in part on the remaining grounds. (Dkt. # 22). The Magistrate further recommended that the case be remanded for re-sentencing consistent with Blakely v. Washington, 542 U.S. 296 (2004) and State v. Foster, 109 Ohio St.3d 1 (2006). (Dkt. # 22).

On July 24, 2006, Respondent Margaret Bradshaw ("Respondent") filed partial objections to the Magistrate Judge's report and recommendation. (Dkt. # 23). On August 25, 2006, Keeton filed his objections to the Magistrate Judge's recommendation. (Dkt. # 25). This Court adopted Magistrate Judge Vecchiarelli's report and recommendation on September 8, 2006, granting Keeton's writ of habeas corpus in part with respect to Ground Two, and denying the petition in part on the remaining grounds. (Dkt. # 26). The matter was remanded to the Court of Common Pleas, Richland County, Ohio, for resentencing

3

consistent with Blakely and Foster. (Dkt. #26, 27, 28, 29).

On September 18, 2006, Keeton filed the instant "Motion for a New Trial or to Alter and Amend Judgment" pursuant to Fed. R. Civ. P. 52 and 59, requesting that the Court "alter and amend the judgment that was entered on September 8, 2006." (Dkt. # 30).

## II. LAW AND ANALYSIS

Though Keeton generally references "Rule 52" and "Rule 59," it is apparent from his motion that he seeks relief under subsection (b) of Rule 52 and subsection (e) of Rule 59. Rule 52 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (b) **Amendment**. On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings–or make additional findings–and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59. When findings of fact are made in actions tried without a jury, the sufficiency of the evidence supporting the findings may be later questioned whether or not in the district court the party raising the question objected to the findings, moved to amend them, or moved for partial findings.

Fed. R. Civ. P. 52(b). Though Rule 52 allows the Court to amend its judgment upon a motion, the Court may not revisit the merits of the case, relitigate old issues, or address new theories of Keeton's case which should have been made before the judgment issued. See Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367 (6th Cir.1998).

The Court may also alter or amend its judgment upon a motion pursuant to Fed. R. Civ. P. 59(e), which provides:

> (e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after of the judgment.

Fed. R. Civ. P. 59(e).

In his motion to alter or amend the judgment of this Court, Keeton again objects to the Magistrate Judge's report and recommendation. He asserts the following: (1) that the Court improperly determined that his right to confrontation and cross-examination was not violated when the trial court admitted into evidence a letter written by Richard Myers, (2) that the Court improperly concluded that certain statements made by the prosecutor during Keeton's trial did not amount to a constitutional violation, and (3) that the "issue concerning ineffective assistance of counsel was not properly analyzed." (Dkt. # 30).

*Lack of Jurisdiction*

However, before the Court may address the merits of Keeton's motion to alter or amend judgment, the Court must first consider whether it has jurisdiction in this matter. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244(b) to prohibit second or successive habeas petitions. Pursuant to 28 U.S.C. § 2244(b)(3)(A), a federal prisoner may not file a second or successive motion to vacate his sentence until the Court of Appeals issues an order that authorizes the district court to consider the second motion.[1] Under § 2244(b)(3), if Keeton's motion to alter or amend is the functional equivalent of a successive petition it cannot be brought pursuant to the Federal Rules of Civil Procedure without permission from the Court of Appeals. 28 U.S.C. § 2244(b). The pertinent question, therefore, is whether Keeton's motion is properly

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides:

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

5

construed as a successive petition under the AEDPA.

The United States Supreme Court has held that a Rule 60(b) motion raising one or more substantive claim qualifies as a second or successive habeas petition. See Gonzalez v. Crosby, 545 U.S. 524 (2005). Allowing a petitioner to present new claims for relief under the guise of a Rule 60(b) motion circumvents AEDPA's requirements that a new claim be dismissed unless it relies on a either a new rule of constitutional law or newly discovered facts. See Id. (citing 28 U.S.C. § 2244(b)(2). The United States Court of Appeals for the Sixth Circuit has not yet addressed the issue of whether to extend the Supreme Court's holding in Gonzalez to motions filed pursuant to Fed. R. Civ. P. 59. However, courts that have had the opportunity to consider this issue have determined that the rationale in Gonzalez applies to Rule 59 motions as well:

> On its face, Gonzalez is confined to motions for relief from judgment pursuant to Rule 60(b). Nonetheless, it is not apparent why the Gonzalez rationale should not extend to encompass Rule 59(e) motions, as well.
>
> \*\*\*
>
> It is plain that a motion to reconsider filed 11 days post-judgment is a Rule 60(b) motion and is therefore barred from consideration under Gonzalez's interpretation of the second or successive habeas petition provision of the AEDPA. That being the undisputable law in this circuit, it is difficult to fathom why a substantively identical motion field 10 days post-judgment (and therefore classified under Rule 59(e)) should not also be barred under the same reasoning.

Aird v. United States, 339 F.Supp.2d 1305, 1309-10 (S.D. Alabama 2004); see also United States v. Lambros, 404 F.3d 1034, 1036-37 (8th Cir.2005); McAffee v. United States, 2006 WL 563122 (M.D. Fla. March 8, 2006); Milovanic v. United States, 2006 WL 334209 (M.D.

6

Fla. February 13, 2006).

The Sixth Circuit has stated that "[w]hen a petitioner raises new claims . . . challenging the denial of a [habeas petition] the . . . motion must be construed as an attempt by the petitioner to file a second motion to vacate." Homrich v. United States, 205 F.3d 1340, 1999 WL 1206903, **2-3 (6th Cir. 1999). Keeton's present motion "attacks . . . the substance of [the Court's] resolution of [his] claim on the merits," rather than raising a "defect in the integrity of the proceedings." Aird, 399 F.Supp.2d at 2648. Therefore, following Gonzalez, Keeton's motion to alter or amend judgment is properly construed as a successive petition. As such, the Court lacks jurisdiction to consider the motion, and must dismiss it. Keeton must first obtain authorization from the Court of Appeals for the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A); In Re Sims, 111 F.3d 45, 47 (6th Cir.1997) (*per curiam*).[2]

### III. CONCLUSION

For the reasons stated above, Keeton's "Motion for a New Trial or to Alter and Amend Judgment" (Dkt. # 30) is hereby **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED**.

---

[2] Assuming *arguendo,* that the Court did possess jurisdiction to consider the substance of Keeton's motion, he still fails to provide an adequate basis for relief. Keeton utilizes many of the same arguments the Court had before it when it adopted the Magistrate Judge's report and recommendation and Keeton's objections to the report. Indeed, Keeton references the same cases the Court reviewed in issuing its judgment. "Pleadings raising repetitive claims presented in earlier petitions . . . are not cognizable. Indeed, AEDPA bars 'relitigation of claims presented in a prior application, § 2244(b)(1)." Calderon v. Thompson, 523 U.S. 538, 553 (1998).

**/s/ Peter C. Economus - January 17, 2007**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**